UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-000725-H

THELMA SARGENT,                                                                                          PLAINTIFF

V.

MONUMENTAL LIFE INSURANCE COMPANY,
DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Thelma Sargent ("Mrs. Sargent"), filed this case in the Circuit Court for Jefferson County, Kentucky, asserting the following state law claims: (1) breach of contract, (2) violations of the Kentucky Unfair Claims Settlement Practices Act, (3) breach of the duty of good faith, and (4) violations of the Kentucky Consumer Protection Act. Defendant, Monumental Life Insurance Company ("Monumental"), removed to federal court under 28 U.S.C. §§ 1441 and 1446. Pursuant to 28 U.S.C §§ 1447(c) and (d), Mrs. Sargent now moves to remand the case arguing Monumental has failed to prove by a preponderance of evidence that her claims will meet the minimum jurisdictional amount to maintain federal subject matter jurisdiction.

**I.**

Arthur B. Sargent purchased an insurance policy (the "Policy") from Monumental in 2011. The Policy provided a death benefit of $8,000.00 payable to his wife, Mrs. Sargent, upon his death. Following Mr. Sargent's death on March 31, 2012, Mrs. Sargent submitted a claim for Policy benefits in the amount of $8,000.00. Monumental denied the claim, asserting Mr. Sargent had misrepresented his medical history. Mrs. Sargent filed a complaint in the Circuit Court for

1

Jefferson County, Kentucky, seeking "compensatory, equitable and exemplary relief against [Monumental] in an amount to be determined by a jury at trial to include costs, interests, attorneys' fees, and such other relief as is just and appropriate" in connection with her claim for benefits under the Policy.

A defendant may remove a civil case brought in state court if the plaintiff originally could have brought the case in federal court. 28 U.S.C. § 1441. Monumental removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). The requirements are the amount in controversy exceeds the jurisdictional minimum of $75,000.00 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. When the complaint requests unspecified damages, the defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00 at the time of removal. *Gafford*, 997 F.2d at 158.

The sole issue before the Court is whether the case was wrongfully removed because Monumental has failed to prove, by a preponderance of the evidence, that the amount in controversy exceeded $75,000.00 at the time of removal. Defendant need not satisfy the "daunting burden of proving [the amount in controversy] to a legal certainty." *Id*. at 159. However, the preponderance-of-the-evidence standard requires defendants to support such a claim by producing "competent proof" of the necessary "jurisdictional facts." *Id*. at 160.

Although there is a remote possibility that the amount in controversy may meet the jurisdictional threshold, Monumental has failed to explain how Mrs. Sargent's allegations make it more likely than not that the amount in controversy exceeds $75,000.00. Mrs. Sargent's life

2

insurance claim is for $8,000.00. Monumental has failed to offer any proof as to Mrs. Sargent's attorneys' fees, but the Court suspects the amount would not be over $20,000.00. Monumental has failed to offer definitive proof as to how Mrs. Sargent's claim could result in a punitive verdict of $47,000.00 ($75,000 minus $28,000).

Monumental cites a sampling of cases wherein juries awarded large verdicts based on violations of similar provisions that are the basis of Mrs. Sargent's consumer protection and bad faith claims. However, those cases inherently rest on a different set of facts and involve claims much larger than the $8,000 claim in the case *sub judice*.[1] Monumental has not established that the other cases, and their underlying facts, are substantially similar to Mrs. Sargent's situation. Moreover, "[w]hen determining the amount in controversy, courts only look to the complaint at the time of removal. The damages sought in other cases, even between the same parties, are irrelevant to the amount in controversy." *Walker v. ProNational Ins. Co.*, 2012 WL 6060368, *1 (E.D. Ky. 2012). Monumental has not presented compelling evidence that Mrs. Sargent's current claims exceeds $75,000.00.

Monumental next argues that removal was proper because Mrs. Sargent refused to stipulate that her damages were less than $75,000.00. This argument has been dismissed by a number of Sixth Circuit district courts. *See Kittle v. First Republic Mortg. Corp.*, 2007 WL 2020179, at *3 (W.D. Ky. July 6, 2007)("That [the plaintiff] refused to stipulate that his claim against [the defendant] is less than $65,000, does not mean that the claim is more likely than not more than $75,000."); *Stratton v. Konecranes, Inc.*, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010)(("A refusal to stipulate, by itself, would not justify removal. . . "); *Holt v. HMS Host USA*, 2009 WL

---

[1] For instance, in the *Daniels v. American Physicians Assurance Corp.* case, the jury did award plaintiff $145,000 for mental anguish, as well as approximately $3.5 million in punitive damages. However, the compensatory damages were $205,000 and the punitive conduct persisted for much longer than what has been alleged in the case at bar.

1794748, at * 3 (M.D. Tenn. June 18, 2009)("[A plaintiff] refusal to stipulate that the damages are less than $75,000 does not itself justify removal."). Mrs. Sargent, although it is less likely than not, could recover more than $75,000.00. For instance, she could discover, after remand, facts that increase the amount in controversy above $75,000.00. However, that remote possibility does not imply that federal jurisdiction existed at the time of remand.

Accordingly, Monumental has not met its burden of establishing by a preponderance of evidence that the amount in controversy in this case exceeds $75,000.00.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is remanded to Jefferson Circuit Court.

cc:   Counsel of Record   & Jefferson Circuit Court